OHIO RIVER PETROLEUM COMPANY *v.* JAMES D. YOUNG.

Accounts and Accounting—Payment After Acceptance Given—Application of Payments.

A was working for B, and an agreed settlement was made up to a certain date, which was closed by acceptances given by B. Afterwards A continued to work for B and payments were made him from time to time. Held, that B would not have the right to ask that the payments should be applied to the acceptances first.

APPEAL FROM LEWIS CIRCUIT COURT.

June 3, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellee, Young, brought this action on two orders drawn upon, and accepted by, the "Ohio River Petroleum Company," one of them dated August 14, 1865, for $100, and the other dated September 28, 1865, for $120. Both sums were due for boarding hands for the company.

vol 4—15.

The defense was, payment of $200 March 31, 1866, and a set-off of a claim for the rent of a house from April, 1865, till November, 1866, at four dollars per month, amounting to $76.

By a reply the plaintiff controverted the set-off, admitting the occupancy of the house, but averring that plaintiff did so without charge, while in the appellant's service, and he further admitted the receipt of the $200, and also subsequent payments of $50, April, 1866, $50 May, 1866, $51 June, 1866 and $10 July, 1866. But the plaintiff alleged that at the date of the payment of $200, the company was indebted to him for work in their service at the price of two dollars per day, as well as upon the acceptances for boarding hands, and that upon a partial settlement, then made between him and the superintendent of the company, there was due to him $349, not including his work for March, 1866; and that he continued to work at the rate afd. till the 16th of July, 1866—116 3-4 days, amounting to $232.75, and that neither the $200, nor any of the other payments were receipted on the acceptances but all of them were for work, barring the acceptances wholly unpaid.

The court seems to have held the plaintiff to account for rent at as high a rate as the use of the house was worth, but would not apply the admitted payments in discharge of the balance of the acceptance, holding the payments to have been made on account of work, and rendered judgment for the plaintiff for $140, from which this appeal was taken.

The evidence conduces to the conclusion that at least the amount of the judgment was owing to Young, and although the testimony of Miles, the superintendent of the company, is in effect, that in making the payment of $200 he believed and intended that it was to be applied in part payment of the acceptances, yet as they were not surrendered or credited, and the plaintiff may not have so understood the intention of Miles in paying the money, and elected, as he had a right to do, in the absence of a different direction at the time, to treat the payment as upon the account for work, and not upon the acceptances, we do not feel authorized to reverse the judgment of the court below upon a mere technical objection, which is not at all certainly sustained by the weight of the evidence.

Wherefore the judgment is *affirmed*.

G. M. Thomas, for appellant.

G. T. Halbert, for appellee.